# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Case No. 13-122V
**Filed: March 21, 2016**
**(Not to be published)**

```
* * * * * * * * * * * * * * * * * *
ANDREW RODD,                       *
                                   *
              Petitioner,          *      Decision on Damages;
v.                                 *      Influenza (Flu) Vaccine; Overlap
                                   *      Syndrome; Sjogren's Syndrome;
SECRETARY OF HEALTH                *      Polymyositis; Inflammatory Arthritis
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * * * * * * * *
```

Lawrence R. Cohan, Anapol Schwartz, et al., Philadelphia, PA, for petitioner.
Gordon E. Shemin, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On February 15, 2013, Andrew Rodd ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act" or "the Program"). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on September 14, 2011, he developed numbness and tingling in his hands due to the aggravation of an underlying, asymptomatic carpal tunnel syndrome, and that over the course of weeks after the vaccine, his condition evolved into symptomatic polyarthritis, polymyositis, inflammatory arthritis, and Sjogren's syndrome. *See* Petition at Preamble. The undersigned

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

issues a Ruling on Entitlement finding petitioner entitled to compensation based on an injury caused-in-fact by a covered vaccine on December 11, 2015.

On March 18, 2016, respondent filed a Proffer on an award of compensation, indicating that petitioner has agreed to compensation in the amount of $871,362.80, to be paid to petitioner only, for life care expenses expected to be incurred during the first year after judgment, lost earnings, pain and suffering, and past unreimburseable expenses.  Petitioner shall also receive an amount sufficient to purchase an annuity contract described in section II(B) of the Proffer, attached hereto as Appendix A.  Petitioner's counsel was contacted by the undersigned's chambers on March 21, 2016, and he confirmed petitioner's agreement with the proposed compensation amounts.  Pursuant to the terms in the attached Proffer, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $871,362.80 in the form of a check payable to petitioner, Andrew Rodd; and**

2. **An amount sufficient to purchase an annuity contract to provide the benefits described in section II, paragraph B of the Proffer, to be paid to a life insurance company meeting the criteria described in footnote 4.**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| ANDREW RODD, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br> Respondent. | No. 13-122V <br> Special Master Gowen <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

     A.      Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and

petitioner engaged Roberta Hurley, to provide an estimation of Andrew Rodd's future vaccine-

injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described

in the Special Master's Ruling on Entitlement, filed November 13, 2015.  All items of

compensation identified in the life care plan are supported by the evidence, and are illustrated by

the chart entitled Appendix A: Items of Compensation for Andrew Rodd, attached hereto as Tab

A.[1]  Respondent proffers that Andrew Rodd should be awarded all items of compensation set

forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1]  The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.      Lost Earnings

The parties agree that based upon the evidence of record, Andrew Rodd will suffer a loss

of earnings in the future.  Therefore, respondent proffers that Andrew Rodd should be awarded

lost earnings as provided under the Vaccine Act.  42 U.S.C. § 300aa-15(a)(3)(A).  Respondent

proffers that the appropriate award for Andrew Rodd's lost earnings is $561,772.81.  Petitioner

agrees.

C.      Pain and Suffering

Respondent proffers that Andrew Rodd should be awarded $232,625.79 in actual and

projected pain and suffering.  This amount reflects that any award for projected pain and

suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner

agrees.

D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable

expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $6,675.40.  Petitioner agrees.

E.      Medicaid Lien

 Petitioner represents that there are no Medicaid liens outstanding against him.

## II.      Form of the Award

The parties recommend that the compensation provided to Andrew Rodd should be made

through a combination of lump sum payments and future annuity payments as described below,

and request that the Special Master's decision and the Court's judgment award the following:[2]

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for
appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost
earnings, and future pain and suffering.

A.  A lump sum payment of $871,362.80, representing compensation for life care expenses expected to be incurred during the first year after judgment ($70,288.80), lost earnings ($561,772.81), pain and suffering ($232,625.79), and past unreimbursable expenses ($6,675.40), in the form of a check payable to petitioner, Andrew Rodd.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Andrew Rodd, only so long as Andrew Rodd is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

1.      Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.      Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Andrew Rodd, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Andrew Rodd's death.

3.      Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.     Summary of Recommended Payments Following Judgment**

A.      Lump Sum paid to petitioner, Andrew Rodd:                    **$ 871,362.80**

B.      An amount sufficient to purchase the annuity contract described
        above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

-5-

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

s/ Gordon E. Shemin
GORDON E. SHEMIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4280

Dated: March 18, 2016

**Appendix A:  Items of Compensation for Andrew Rodd**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2016 | Compensation Years 2-5 2017-2020 | Compensation Year 6 2021 | Compensation Year 7 2022 | Compensation Years 8-10 2023-2025 | Compensation Years 11-Life 2026-Life |
|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 1,461.60 | 1,461.60 | 1,461.60 | 1,461.60 | | |
| Medicare Part B Deductible | 5% | * | | | | | | | |
| Medigap C | 5% | | M | 3,376.32 | 3,376.32 | 3,376.32 | 3,376.32 | 1,889.76 | 1,889.76 |
| Medicare Part D | 5% | | M | 1,047.70 | 1,047.70 | 1,047.70 | 1,047.70 | 1,047.70 | 1,047.70 |
| Medrol Methyl-prednisolone | 5% | * | | | | | | | |
| Diclofenac | 5% | * | | | | | | | |
| Lab Testing | 5% | * | | | | | | | |
| Bone Density Test | 5% | * | | | | | | | |
| IV Rituximab | 5% | * | | | | | | | |
| Dr. Horowitz | 5% | * | | | | | | | |
| Rheuma-tologist | 5% | * | | | | | | | |
| Opthal-mologist | 5% | * | | | | | | | |
| Clinical Social Worker | 4% | * | | | | | | | |
| Scooter | 4% | | | 1,829.00 | 261.29 | 261.29 | 261.29 | 261.29 | 261.29 |
| Scooter Batteries | 4% | | | 174.86 | 174.86 | 174.86 | 174.86 | 174.86 | 174.86 |
| Scooter Maint | 4% | | | 156.77 | 156.77 | 156.77 | 156.77 | 156.77 | 156.77 |
| Scooter Lift | 4% | | | 1,895.00 | 189.50 | 189.50 | 189.50 | 189.50 | 189.50 |
| Life Alert System | 4% | | M | 376.35 | 359.40 | 359.40 | 359.40 | 359.40 | |
| Tempuer-pedic Mattress | 4% | | | 569.74 | 56.97 | 56.97 | 56.97 | 56.97 | 56.97 |
| Wedge | 4% | | | 65.16 | 13.03 | 13.03 | 13.03 | 13.03 | 13.03 |
| Home Bed Assist Handrail | 0% | | | 66.17 | | | | | |
| Adaptive Clothing | 4% | | | 150.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Grab Bar | 0% | | | 17.72 | | | | | |
| Raised Toilet Seat | 4% | | | 51.41 | 10.28 | 10.28 | 10.28 | 10.28 | 10.28 |
| Lift Chair | 4% | | | 562.00 | 56.20 | 56.20 | 56.20 | 56.20 | 56.20 |
| Adaptive Equip | 4% | | | 200.00 | | 100.00 | | | |
| Assisted Living | 4% | | M | | | | | | 54,000.00 |
| Home Care | 4% | | M | 36,500.00 | 36,500.00 | 36,500.00 | 36,500.00 | 36,500.00 | |
| Ancillary Services | 4% | | M | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | 3,900.00 | |
| Fitness Club | 4% | | M | 899.00 | 840.00 | 840.00 | 840.00 | 840.00 | |
| Bathtub | 0% | | | 11,000.00 | | | | | |

**Appendix A:  Items of Compensation for Andrew Rodd**                    Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Year 7 | Compensation Years 8-10 | Compensation Years 11-Life |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2016 | 2017-2020 | 2021 | 2022 | 2023-2025 | 2026-Life |
| Stair Lift | 0% |  |  | 5,990.00 |  |  |  |  |  |
| Lost Earnings |  |  |  | 561,772.81 |  |  |  |  |  |
| Pain and Suffering |  |  |  | 232,625.79 |  |  |  |  |  |
| Past Unreimbursable Expenses |  |  |  | 6,675.40 |  |  |  |  |  |
| Annual Totals |  |  |  | 871,362.80 | 48,453.92 | 48,553.92 | 48,453.92 | 45,505.76 | 57,906.36 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($70,288.80), lost earnings ($561,772.81), pain and suffering ($232,625.79), and past unreimbursable expenses ($6,675.40): $871,362.80.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.