# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-122V
Filed: April 13, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| ANDREW RODD, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioner.
Gordon E. Shemin, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 15, 2013, Andrew Rodd ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on or about September 14, 2011, he developed numbness and tingling in his hands due to the aggravation of an underlying, asymptomatic carpal tunnel syndrome, and that over the course of weeks after the vaccine, his condition evolved into symptomatic polyarthritis, polymyositis, inflammatory arthritis, and Sjogren's syndrome. See Petition at Preamble. The undersigned issued a Ruling on Entitlement finding petitioner entitled to compensation based on an injury caused-in-fact by a covered vaccine on November 13, 2015. On March 18, 2016, respondent filed a Proffer on an award of

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

compensation, and the undersigned issued a Decision pursuant to the terms of the proffer on March 21, 2016.

On March 22, 2016, petitioner filed an application for attorneys' fees and costs, requesting $125,642.50 in attorneys' fees, and $68,039.80 in attorneys' costs, for a total fees and costs award of $193,682.30. See Petitioner's ("Pet'r's") Application ("App.") at ¶ 5. In accordance with General Order #9, petitioner's counsel states that petitioner did not advance any litigation expenses in this matter. Id. at ¶ 5. Respondent filed a response to petitioner's application on April 8, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $80,000.00 and $100,000.00. Respondent therefore respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs within that range.

Respondent's (Resp's) Response at 3 (internal footnote omitted).

Petitioner filed a reply in support of his application on April 9, 2016, which requested an additional $1,375.00 in attorneys' fees related to the preparation of the reply, for a new total of $195,057.30. Pet'r's Reply at 5. In response to an inquiry by the court via email, petitioner's counsel indicated that several expenses requested in petitioner's initial fee application, totaling $1,085.50, were mistakenly requested and should be withdrawn from the request. See Pet'r's App., Exhibit A, at 15 (entries for $312.00, $72.00, $6.19, and $697.31). Accordingly, petitioner's final request totals $193,971.80 in attorneys' fees and costs.

This matter is now ripe for adjudication.

I. **Attorneys' Fees and Costs**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). In the present case, petitioner was awarded compensation pursuant to a ruling on entitlement and proffer on award of compensation. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v.

Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### a. Reasonable Hourly Rates

Petitioner requests rates of $400 per hour for Lawrence R. Cohan, $275 per hour for David J. Carney, and $125 per hour for paralegal work.  Pet'r's App. at ¶¶ 1-3.  Counsel worked on this case from December 27, 2011, to present.  See generally, id., Exhibit A.  The issue of reasonable forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The requested rates are within the experience-based ranges set forth in McCulloch based on Mr. Cohan and Mr. Carney's years of experience as of March 22, 2016, when petitioner's fee application was filed.

McCulloch found the range of $350 to $425 per hour appropriate for attorneys with more than 20 years of experience, and $225 to $300 appropriate for attorneys with 4 to 7 years of experience.  McCulloch, 2015 WL 5634323, at *19.  A rate of $135 per hour was awarded to paralegals.  Id. at *21.  Mr. Cohan has 36 years of experience litigating civil cases, and 25 years of experience in the Vaccine Program.  Pet'r's App. at ¶ 7.  Mr. Carney has 5.5 years of legal experience and experience in the Vaccine Program.  Id. at ¶ 8.  Based on Mr. Cohan and Mr. Carney's attorneys' years of experience in the Vaccine Program as of March 22, 2016, and quality of advocacy in vaccine cases, the undersigned finds the requested rates are reasonable present rates.

However, because the range of appropriate rates under McCulloch is based on an attorneys' years of experience, the rate awarded to Mr. Carney must be adjusted to reflect the fact that he has not been in the McCulloch category of attorneys with 4 to 7 years of experience for the duration of this case.  As petitioner states in his fee application, Mr. Carney presently has 5.5 years of experience, which means that he would have had less than 4 years of experience before September 2014.  A review of the billing record indicates that Mr. Carney performed 121.3 hours of work prior to September 2014, and 169.1 hours of work from September 2014 on.  See Exhibit A 1-14.  The appropriate rate under McCulloch for attorneys with less than 4 years

of experience is $150 to $225.  McCulloch, 2015 WL 5634323, at * 19.  Based on Mr. Carney's experience and quality of representation, the undersigned finds that Mr. Carney is entitled to a rate at the high end of that range.  Thus, Mr. Carney is awarded a rate of $225 for work performed before September 2014, and a rate of $275 beginning in September 2014.

On review of petitioner's billing record, the undersigned notes that Mr. Cohan and Mr. Carney each billed for three hours of travel to the December 2014 hearing in Washington, D.C. from Philadelphia, and three hours of travel for the return trip.  Pet'r's App., Exhibit A, at 11.  The billing record indicates that counsel reviewed trial materials while travelling to the hearing.  Id.  However, there is no indication that counsel performed any case work during travel returning from the hearing.  Id.  Accordingly, the undersigned finds it appropriate to compensate counsel's travel time for the return trip at ½ rate.  See, e.g Hocraffer v. Sec'y of Health & Human Servs., No. 99-533, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011) ("Special Masters consistently award compensation for travel time at 50% of counsel's billing rate.  Whether counsel bills at half rate during travel depends on whether counsel is working while travelling").  The undersigned will compensate these hours of travel time at a rate of $200 per hour for Mr. Cohan and $137.50 for Mr. Carney.

**The undersigned will award Mr. Cohan a rate of $400 per hour for all work performed in this case. The undersigned will award Mr. Carney a rate of $225 per hour for work performed prior to September 2014 and $275 per hour thereafter, and will award a paralegal rate of $125 per hour.  The undersigned will compensate the three hours of travel time Mr. Cohan and Mr. Carney each expended returning from the Washington, D.C. hearing in December 2014 at ½ rate, which is $200 per hour for Mr. Cohan and $137.50 per hour for Mr. Carney.**

b.  **Reasonable Hours Expended**

Petitioner requests compensation for 108.30 hours expended by Mr. Cohan, 290.40 hours expended by Mr. Carney, and 19.70 hours of paralegal work.  Pet'r's App., Exhibit A at 14.  On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.  Petitioner's fee application includes an adequate log of the hours and dates of services performed on this case, and the names of the person providing the services.  See generally, Pet'r's App., Exhibit A.  The number of hours claimed is justified by the complexity of the case, which included a full hearing on entitlement and a prolonged damages phase.  See Pet'r's Reply at 3-5.

**Accordingly, the undersigned will award attorneys' fees, at the rates described above, for 108.30 hours of work performed by Mr. Cohan, 290.40 hours of work performed by Mr. Carney, and 19.70 hours of paralegal work.**

c. Costs

Petitioner requests $66,954.30 in attorneys' costs. See Pet'r's App. at ¶ 5.[3] Upon review, the undersigned finds the requested costs, which include costs for medical records, court filings, expert services, and hearing related travel expenses, reasonable. The undersigned notes that counsel's cost request includes lodging expenses for the night of the hearing in Washington, D.C. of $603.72, $537.01, $537.01, and $598.40 for Mr. Cohan, Mr. Carney, petitioner, and petitioner's expert, respectively. Id., Exhibit A, at 16. The undersigned finds these costs reasonable in the present case, but cautions counsel that the claimed lodging expenses are on the high end of the range of hotel rates the undersigned finds reasonable. Counsel is encouraged to seek more moderately priced accommodations in the future.

**The undersigned awards $66,954.30 in attorneys' costs.**

## II. Conclusion

The undersigned finds an award of attorneys' fees and costs in the amount of $185,519.30 reasonable. The total awarded represents the following amounts:

a. $42,720.00 for Mr. Cohan's work. This represents 108.30 hours at a rate of $400 per hour, reduced by $600 to reflect the 3 hours of travel time compensated at ½ rate.

b. $73,382.50 for Mr. Carney's work. This represents 121.30 hours of work at a rate of $225 per hour plus 169.10 hours of work at a rate of $275 per hour, reduced by $412.50 to reflect the 3 hours of travel during December 2014 compensated at ½ rate.

c. $2,462.50 for paralegal work. This represents 19.70 hours of paralegal work at $125 per hour.

d. $66,954.30 in costs. This represents the $68,039.80 requested in petitioner's fee application minus the $1,085.50 requested in error.

Respondent makes a general suggestion that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims. . . a reasonable amount for fees and costs in the present case would fall between $80,000.00 and $100,000.00." Resp's Resp. at 3. Respondent does not specifically identify the "similar cases" upon which her suggestion is based, and the undersigned is impressed that the number of hours expended by counsel in preparing a

---

[3] This represents the $68,039.80 requested in petitioner's initial fee application minus the $1,085.50 requested in error.

given case has greater reference to individual complexities of the case, rather than to a type of disease or other general category of cases.  The time records of counsel provide the best evidence of hours expended, and in this case those hours appear reasonable.  As respondent states, "special masters may rely on their prior experience in making reasonable fee determinations."  Id. at 2.  Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $185,519.30 reasonable.

**The undersigned awards attorneys' fees and costs as follows:**

**(1) A lump sum of $185,519.30 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Lawrence R. Cohan, for attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                      **s/Thomas L. Gowen**
                                                      Thomas L. Gowen
                                                      Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.